UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

LARRY D. SMITH,

                        Plaintiff,

        v.                                  Case # 19-CV-6527-FPG
                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
───────────────────────────────────────

**INTRODUCTION**

Plaintiff Larry D. Smith brings this action pursuant to Titles II and XVI of the Social Security Act seeking review of the denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Plaintiff protectively applied for DIB and SSI on March 22, 2012, alleging disability due to obesity, arthritis in both knees, depression, and sleep apnea. Tr.[1] 272, 306, 311. The Social Security Administration ("SSA") denied his application. Plaintiff sought a hearing before an Administrative Law Judge ("ALJ"), who found him not disabled. Tr. 110-23. Plaintiff then sought review from the Appeals Council, which remanded the case. Tr. 129-31. After a second hearing, the same ALJ again found Plaintiff not disabled. Tr. 20-22. After the Appeals Council denied review, Plaintiff appealed to this Court, which remanded pursuant to a stipulation in January 2018. Tr. 111-52. On February 5, 2019, Plaintiff attended a third hearing before a new ALJ. Tr. 1085-1140. The ALJ issued a partially favorable decision on May 14, 2019. Tr. 1052-75. He found that Plaintiff became disabled in September 2016. Plaintiff now seeks review in this Court to the

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

1

extent that the ALJ found him not disabled before September 2016. ECF No 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 15. For the following reasons, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I. District Court Review

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Standard

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual

functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of the claimant's age, education, and work experience. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date of January 22, 2010. Tr. 1059. At step two, the ALJ assessed Plaintiff with the following severe impairments: congestive heart failure with chronic respiratory failure, degenerative joint disease of bilateral knees, lumbar spine disorder, morbid obesity, hypothyroidism, hypertension, obstructive sleep apnea, major depressive disorder, and poly-substance abuse. Tr. 1059. At step three, the ALJ found that none of Plaintiff's impairments meet or medically equal the criteria of any Listings impairment. Tr. 1060. The ALJ then determined that, before September 2016, Plaintiff retained the RFC to perform light work with the following additional restrictions: Plaintiff could only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; could never climb ladders, ropes or scaffolds; could never work in an area that has concentrated exposure to extreme heat, humidity, or slippery and uneven surfaces, or work in hazardous environments such as at unprotected heights or around moving mechanical parts; could only perform unskilled, simple, routine, repetitive tasks in a low stress job defined as making only occasional decisions and tolerating only occasional changes in the work setting; and could have no more than occasional contact with coworkers, supervisors, and the general public. Tr.

3

1062. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 1071. At step five, the ALJ found that Plaintiff could adjust to other work that exists in significant numbers in the national economy. Tr. 1072. Accordingly, the ALJ found that Plaintiff was not disabled. Tr. 1073.

## II.     Analysis

Plaintiff argues that the ALJ erred with respect to his evaluation of the opinion evidence as to both Plaintiff's mental health and physical health. For the following reasons, the Court finds no error in the ALJ's analysis of the mental health opinions but finds that the ALJ violated the treating physician rule as to the physical health opinions. Accordingly, remand is warranted.

### A.  Mental Health

Plaintiff argues that the ALJ improperly evaluated the opinion of Kavitha Finnity, Ph.D., who conducted a consultative psychological evaluation of Plaintiff on June 29, 2012. Tr. 467-70. Dr. Finnity noted that, at the evaluation, Plaintiff reported crying, hopelessness, irritability, loss of interest, loss of energy, and social withdrawal. Tr. 467. He also reported using alcohol about five times a week and marijuana and cocaine about twice a week. Tr. 467.

Dr. Finnity performed a mental status examination, during which she observed that Plaintiff was cooperative and had an adequate manner of relating; that he was appropriately dressed and well groomed; that his speech and language was adequate; that his thought process were coherent and goal directed, that his affect was depressed; that his mood was dysthymic; that he was oriented to person, time and place; that his attention, concentration, and memory skills were mildly impaired; and that his insight and judgment were fair. Tr. 468-69. She opined that Plaintiff could follow simple directions and perform simple tasks, that he could learn new tasks and perform complex tasks, that he could maintain attention and concentration, and that he could make

appropriate decisions. Tr. 469. However, she found that he was unable to maintain a regular schedule and unable to relate with others and appropriately deal with stress.

The ALJ rejected Dr. Finnity's opinion as to Plaintiff's inability to appropriately deal with stress, maintain a regular work schedule, or relate with others. Tr. 1067. Plaintiff argues that the ALJ simply accepted Dr. Finnity's normal findings while rejecting the abnormal ones. The Court disagrees. The ALJ explained that there was no objective basis in the record for Dr. Finnity's limitations. The ALJ noted that Plaintiff regularly attended counseling, treated his symptoms of depression with medication, had a good relationship with his family, and later successfully completed substance abuse treatment. Tr. 1067. The ALJ found this evidence inconsistent with an employment-preclusive inability to manage stress appropriately, maintain a regular schedule, and relate to others. Indeed, despite her opinion that Plaintiff was unable to relate to others, Dr. Finnity's own report stated that Plaintiff had an adequate manner of relating. Tr. 468.

Moreover, the ALJ included limitations in the RFC that touch upon Dr. Finnity's opined limitations. The ALJ explained that, "[t]o accommodate these conditions to a level more fully supported by the overall record," the Plaintiff was limited "to low stress work involving no more than occasional decision making and only occasional changes in the work setting," as well as "no more than occasional interaction with coworkers, supervisors, and the general public." Tr. 1067. The ALJ concluded that "these limitations are more consistent with the record and sufficiently accommodate [Plaintiff's] history of depression." Tr. 1067. The Court finds that the ALJ properly evaluated Dr. Finnity's opinion and incorporated it into his RFC determination.[2]

---

[2] Plaintiff also appears to take issue with how the ALJ evaluated the opinion of the non-examining state agency consultant, but precisely what fault Plaintiff finds is not clear. As far as the Court can tell, it appears that the ALJ found Plaintiff to be more limited than the state agency consultant. Because Plaintiff has not adequately developed this argument, the Court declines to consider it. *See Sweeney v. Colvin*, No. 3:13CV00703 (SALM), 2015 U.S. Dist. LEXIS 132616, at \*41 (D. Conn. Aug. 28, 2015) (where plaintiff failed to develop and argument and provided no persuasive analysis as to the claimed error, the court would not make plaintiff's arguments for her and therefore considered plaintiff's argument waived).

### B. Physical Health

Plaintiff argues that the ALJ violated the treating physician rule by discounting the opinion of Samuel Rosati, M.D., Plaintiff's treating physician, in favor of the opinion of Elizama Montalvo, M.D., a consultative examiner.  Dr. Rosati issued several opinions indicating that Plaintiff was limited to standing and walking for only one-to-two or two-to-four hours a day, whereas Dr. Montalvo opined that Plaintiff had a moderate limitation in walking without specifying the number of hours.  Tr. 473, 631, 645, 701, 709, 710, 713, 714, 723.

The treating physician rule instructs the ALJ to give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  An ALJ may discount a treating physician's opinion if it does not meet this standard but must give "good reasons" for doing so.  *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  Generally, "when assigning less than 'controlling weight' to the treating physician's opinion, the ALJ must 'explicitly consider' the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008)."  *Guerra v. Saul*, 778 F. App'x 75, 76 (2d Cir. 2019) (summary order) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019)).  These factors are "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion;  (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist."  *Estrella*, 925 F.3d at 96 (quotation marks, citation, and brackets omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).  An ALJ commits procedural error by failing to explicitly consider each of these factors, but the error will be considered harmless and the reviewing court will affirm if "a searching review of the record shows that the ALJ has provided 'good reasons' for its weight assessment."  *Guerra*, 778 F. App'x at 77; *see also Estella*, 925 F.3d at 96; *Connolly v. Berryhill,* No. 3:18-cv-00185 (MPS), 2020 U.S.

Dist. LEXIS 27018, at *9 (D. Conn. Feb. 18, 2020) (explaining that the "[f]ailure to explicitly consider every *Burgess* factor is . . . not fatal . . . if the ALJ has nonetheless provided 'good reasons' for [her] weight assessment, such that the substance of the treating physician rule was not traversed." (internal citations and quotation marks omitted))

Here, the ALJ did not discuss any of the *Burgess* factors. In fact, the ALJ did not even acknowledge Dr. Rosati as a treating physician, but instead referred to him as an examining physician. Tr. 1068.

Further, the ALJ relied on Dr. Montalvo's opinion in discounting Dr. Rosati's opinion, but the ALJ seems to have misinterpreted Dr. Montalvo's opinion. The ALJ stated that Dr. Montalvo determined that Plaintiff "experienced slight gait abnormalities with prolonged walking." Tr. 1068. But those were not Dr. Montalvo's words. What she actually said was that Plaintiff's gait was unsteady, that he was unable to squat or walk on his heels and toes, that he had a wide stance, and that he used a walker for balance. Tr. 472. Referring to the walker, Dr. Montalvo stated that "the doctor prescribed it" and that "in [her] opinion, it [was] necessary." Tr. 472. Without the walker, she said, Plaintiff was "able to walk, but after long, he becomes slightly unsteady. With the device, he is more steady." Tr. 472. Dr. Montalvo ultimately opined that Plaintiff had a moderate limitation with walking and climbing stairs. Tr. 474.

The Court does not read Dr. Montalvo's statement as endorsing only, as the ALJ put it, "slight gait abnormalities with prolonged walking.". Tr. 1068. To the extent that the ALJ interpreted Dr. Montalvo's remark that Plaintiff becomes unsteady "after long" to mean that Plaintiff becomes unsteady after prolonged walking, the Court is not convinced. Dr. Montalvo may have meant to say "before long" or "not long after," because the phrase "after long" does not make sense in the context of her statement.

7

The Commissioner argues that the opinion of a consultative examiner may constitute substantial evidence supporting an ALJ's decision to discount a treating physician's opinion. *See Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983) ("It is an accepted principle that the opinion of a treating physician is not binding if it is contradicted by substantial evidence, and the report of a consultative physician may constitute such evidence." (internal citation omitted)). Even so, when discounting a treating physician's opinion, the ALJ must give good reasons for doing so. *See Cohen-Aikens v. Saul*, No. 1:19-cv-04443 (SDA), 2020 U.S. Dist. LEXIS 103687, at *33-34 (S.D.N.Y. June 13, 2020) ("The opinion of a consultative examiner can be substantial evidence to justify assigning less-than-controlling weight to a treating physician's opinion in certain circumstances. However, the ALJ must provide more than a conclusory explanation for weighing the opinion of a consultative examiner more heavily than the opinion of a treating physician. . . . [E]ven if the ALJ was entitled to give [the treating physician's] opinion less than controlling weight he failed to give good reasons for the little weight assigned." (internal citations omitted)); *see also Harris v. Berryhill*, No. 17-CV-3968 (PKC), 2018 U.S. Dist. LEXIS 139918, at *3 (E.D.N.Y. Aug. 17, 2018) (explaining that a treating physician's opinion is "(1) binding on the fact-finder unless contradicted by substantial evidence and (2) entitled to some extra weight, even if contradicted by substantial evidence, because the treating source is inherently more familiar with a claimant's medical condition than are other sources." (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991))).

Here, the ALJ failed to discuss any of the *Burgess* factors, and, for the reasons discussed above, the Court finds that his explanation for discounting Dr. Rosati's opinion in favor of Dr. Montalvo's was not sound and thus did not constitute a "good reason." The Court therefore is not assured "that the substance of the treating physician rule was not traversed." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). Accordingly, remand is required.

8

**CONCLUSION**

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 9, is GRANTED, the Commissioner's motion, ECF No. 15, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 28, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court